UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZHAN LU STAMME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV01224 AGF |
| ) | |
| WILD OATS MARKETS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for summary judgment.[1] Plaintiff Zhan Lu Stamme, a Missouri resident, filed this action in Missouri state court on August 4, 2004, against her former employer, Wild Oats Markets., Inc., a Delaware corporation. The case was thereafter removed to this Court. Plaintiff seeks damages, including punitive damages, claiming that Defendant violated the Missouri Service Letter statute, Mo. Rev. Stat. § 290.140. She alleges that Defendant failed to honor her written request for a service letter after firing her on January 20, 2004, for the stated reason of "stealing time." Plaintiff seeks damages, including punitive damages.

Defendant removed the action to this Court based upon diversity jurisdiction. Defendant now seeks summary judgment on the ground that Plaintiff's request for the service letter did not comply with the terms of the statute because her request did not include a specific reference to the statute as required. The record establishes that on

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

January 31, 2004, after consulting with an attorney, Plaintiff sent Defendant a handwritten letter which stated in its entirety as follows: "Dear Sir, please send me a 'service letter,' stating the exact causes for my termination of my position on January 20, 2004." The Missouri Service Letter statute provides in pertinent part that when an employee of a covered corporation is discharged and makes a timely request in writing by certified mail, "with a specific reference to the statute," the corporation must issue to the employee a letter within 45 days "truly stating for what cause, if any, such employee was discharged." Mo. Rev. Stat. § 290.140.1. Punitive damages are recoverable in the event that the evidence establishes the employer did not issue the requested letter. Boyd v. Schwan's Sales Enters., Inc., 23 S.W.3d 261, 266 (Mo. Ct. App. 2000). Here, it is undisputed that Defendant did not issue a service letter.

In considering a motion for summary judgment, the Court must determine whether the record, when viewed in the light most favorable to the non-moving party, shows any genuine issue of material fact. Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When faced with a motion for summary judgment meeting the standard set forth above, the non-moving party may not rest upon the mere allegations or denials of his pleadings alone, but must designate specific facts showing a genuine issue of material fact on each essential element of his claim. Id. at 324.

Under Missouri law, "[a]n employee must meet the statutory prerequisites to be entitled to a service letter and to have a cause of action if the employer fails to issue one." Bartareau v. Executive Bus. Prods., Inc., 846 S.W.2d 248, 249 (Mo. Ct. App. 1993) (employer did not have duty to provide service letter where request for letter was sent by regular rather than certified mail and was signed by employee's attorney rather than by employee; "strict adherence" to literal compliance with the express language of the statute is required). "The plain language of the Service Letter Statute requires that a discharged employee make specific reference to the statute when requesting a letter from his employer." Birton v. Wal-Mart, Inc., 209 F.Supp.2d 993, 999 (E.D. Mo. 2002) (summary judgment granted to employer where there was no genuine issue of material fact with regard to whether employee specifically mentioned the statute in his request for a letter).

Here, it is clear that Plaintiff's written request did not include a reference to Missouri law, much less a specific reference to the service letter statute. Plaintiff's only argument in opposition to Defendant's motion for summary judgment is that the reference in her letter to a "service letter" was not ambiguous just because the statute number was not included. The Court concludes that this argument is without merit, and that Defendant's duty to provide a service letter was not triggered by Plaintiff's above-quoted request. Merely mentioning the term "service letter," or putting that term in quotes, does not comply with the clear and simple terms of the statute.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [Doc. #12] is **GRANTED**.

An appropriate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of October, 2005.